STATE of Minnesota, Respondent,

v.

Gary Benjamin WATERS, Appellant.

No. 48181.

Supreme Court of Minnesota.

Jan. 26, 1979.

Connolly & Heffernan, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Craig H. Forsman, Special Asst. Atty. Gen., St. Paul, Arvid Wendland, County Atty., Blue Earth, for respondent.

## PER CURIAM.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the third degree (using force or coercion to accomplish penetration) Minn.St. 609.344(c), and simple robbery, § 609.24, and was sentenced by the trial court to a maximum term of 5 years in prison. On this appeal from judgment of conviction defendant contends (1) that his automobile was illegally searched without a warrant in violation of the Fourth Amendment, (2) that the prosecutor committed misconduct in the manner in which he cross-examined defendant about his criminal record, and (3) that the prosecutor committed misconduct in closing argument. We affirm.

The crimes of which defendant was convicted were committed by a masked intruder on November 9, 1976, shortly after midnight. After the intruder left at about 1 o'clock, the victim made a report to a deputy from the Faribault County Sheriff's office and stated that she had recognized the voice of her assailant as that of defendant, whom she had known through her estranged husband. Meanwhile, defendant had been involved in an automobile accident near his hometown of Amboy, which is in Blue Earth County, some 4 to 5 miles from the scene of the crime, and had asked the night police officer to go to the car, which was outside the city limits, and tow it for him. As the tow was being completed, the officer learned from the Faribault County Deputy Sheriff of the report concerning defendant. Unsure of his authority to impound the car, he nonetheless felt that he was responsible for its contents since defendant had asked him to take care of the towing. Accordingly, he opened the door and reached in to remove the keys so he could lock it pending a determination by someone else whether to impound it. While doing this he kept his eyes open and saw in plain sight, but did not seize, three items which tended to connect defendant to the crime. Later, the highway patrol issued an impoundment order and an official inventory was made by a deputy sheriff, during which two items implicating defendant were seized. A second inventory was conducted 2 days later when the vehicle was being released in response to a request by defendant and more incriminating items were seized.

We hold that in all respects the officers involved acted in conformity with Fourth Amendment principles. The initial intrusion into defendant's automobile was clearly justified on the ground that the officer reasonably believed he was responsible for safeguarding the contents of defendant's vehicle by locking it. The seizures were made of property lawfully discovered during the course of inventories made at the start and end of the periods of impoundment. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *State v. Goodrich,* 256 N.W.2d 506 (Minn. 1977); *City of St. Paul v. Myles,* 298 Minn. 298, 218 N.W.2d 697 (1974).

Defendant's contention that the prosecutor committed misconduct in closing argument is based on the fact that the prosecutor read a short portion of the transcribed testimony of one of the defense witnesses. Defendant cites no authority in support of the contention that what the prosecutor did was improper and we are not inclined to agree with defendant. What the prosecutor did tended to ensure that the point he was making was supported by the record, and accordingly we believe the practice should not be discouraged. It would seem, however, that in the future when a prosecutor or defense counsel intends to do this, he should advise the judge and opposing counsel of this intention, and the practice should be subject to any reasonable limitations placed on it by the trial court.

There is no merit to defendant's other contention.

Affirmed.